**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER,** | ) | |
| | ) | **EP 22-CV-0399-FM** |
| ***Plaintiff,*** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ARNOLD & SMITH LAW, PLLC**, | ) | |
| an Oklahoma Professional Limited Liability | ) | |
| Company, and **DENNIS SMITH,** | ) | |
| | ) | |
| ***Defendants.*** | ) | |

**DEFENDANTS' RESPONSE TO COURT'S**
**ORDER TO SHOW CAUSE**

Defendants' Arnold & Smith Law, PLLC and Dennis Smith (hereinafter "Defendants"), by and through counsel Robert R. Titus of the Titus Law Firm, LLC, hereby file this Response to Court's Order to Show Cause ("Response") as to why the parties Joint Scheduling Order was not filed by the deadline of June 4, 2023. In support of their Response, the Defendants so state:

1. Defense Counsel Robert Titus and Plaintiff Brandon Callier had multiple phone conversations before the June 4, 2023, Joint Scheduling Order Deadline. The parties have communicated regularly from the start of this case.

2. Before the Scheduling Order was due on June 4, 2023, Mr. Callier informed Defendants' counsel that he intended to file an Amended Complaint to bring in new Defendants Prime One Doc Prep, LLC, and Raul Yescas. According to Mr. Callier, Prime One Doc Prep, LLC, and Raul Yescas "actually made the calls" that were referenced in the Complaint.

3. Plaintiff a month after the Scheduling Order was due, finally filed for Motion for Leave to Amend the Complaint (Doc 40).

4. These new Defendants Prime One Doc Prep, LLC and Raul Yescas have not yet been added to this case and have not been served. The addition of these new Defendants Prime One Doc Prep, LLC and Raul Yescas will completely change the scheduling order and litigation that follows. The addition of these new Defendants made the filing of the scheduling order on June 4, 2023, premature as there will need to be new deadlines and discovery dates to allow the new Defendants time to properly litigate these claims.

5. Defendants produced, as Part of their initial disclosures (*See* A&S Bates No 00001-00017) a Client Referral And Legal Select Agreement ("Agreement") between the Defendants and JumpStart Financial, LLC (hereinafter "JumpStart") that demonstrates that Defendants are not agents and are completely unaffiliated with Jumpstart or Jack Siegler.[1]

6. Defense Counsel Robert Titus, long before the Scheduling Order was due, personally contacted the attorney for JumpStart Financial, LLC and Jack Siegler to discuss the Agreement and the indemnification clause[2] in the Agreement that specifically indemnifies Arnold & Smith Law, PLLC for the actions of the JumpStart Financial, LLC.

---

[1] The Agreement specifically address Arnold & Smith lack of agency and affiliation with JumpStart:

(c) JumpStart will train and manage its employees, including any affiliated employees, contractors, law firms, or other related parties to explain that A&SLaw is unaffiliated with JumpStart except to the extent that JumpStart refers its clients to A&SLaw as provided in this Agreement;

(d) JumpStart will train and manage its employees, including any affiliated employees, contractors, law firms, or other related parties to ensure that they do not represent themselves to be agents of A&SLaw or authorized to act on behalf of A&SLaw;

[22] The Agreement specifically addresses JumpStart's indemnification agreement:

(b) JumpStart shall defend, indemnify and hold A&SLaw, its affiliates, officers, directors, employees, agents, and representatives harmless from all Indemnified Claims regardless of whether such Indemnified Claims are threatened, made or brought by an individual, business entity, regulatory agency or otherwise, which arise out of or relate in any way to JumpStart's performance, acts, omissions, breach or alleged breach of any state or federal law, statute or regulation, negligent or willful, or any breach or violation of the terms and conditions of this Agreement, or JumpStart 's performance related thereto including, without limitation, claims that JumpStart provided inadequate services, made misrepresentations, used inappropriate or otherwise objectionable marketing materials or marketing methods, failed to obtain or maintain any appropriate licenses, or promoted or sanctioned

7. Mr. Callier, after receiving this Agreement on May 15, 2023, then settled all claims with JumpStart and Jack Siegler (Doc 28) in spite of the evidence that he was provided from Defendants. Mr. Callier settled all claims with Jumpstart only days before the Scheduling Order was due. The June 4, 2023, Scheduling Order was not timely filed because the Defendants assumed that the settlement, based on the information disclosed to Mr. Callier, would have included the Defendants.

8. Another issue that developed in the case before the Scheduling Order was filed is that Plaintiff's Complaint lists six calls that were made to Plaintiff's "residential cellular telephone line" during September and October 2022. (Complaint §§ 35, 36, 37, 39, 41, and 44). In the Complaint, the Plaintiff claims that "residential cellular telephone line" has been listed on the National Do-Not-Call Registry since December 3, 2007. (Complaint § 33). However, Defendants filed an Open Information Request that showed that Plaintiff's phone number was deleted from the Federal Do Not Call List on August 24, 2022, and not added back to the National Do-Not-Call Registry until March 31, 2023. *See* **Exhibit 1**.

9. As a result, the six calls listed in the Plaintiff's Complaint were made to Plaintiff's "residential cellular telephone line" during September and October 2022 when the Plaintiff's "residential cellular telephone line" was not listed on the National Do-Not-Call Registry.

10. Before the Scheduling Order was due, Defendants' Counsel brought the lack of registry on the National Do-Not-Call Registry of the "residential cellular telephone line" to Mr. Callier's attention. Mr. Callier stated that he believed that Arnold & Smith Law, PLLC was

---

or that is or may be in violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6102(a)(1), 16 C.F.R. § 310.4, Section 5 of the FTC Act, 15 U.S.C. 45, Section 1036 of the Consumer Financial Protection Act of 200, 12 U.S.C. § 5536, or any other state or federal law, statute or regulation,

responsible for this deletion of the Plaintiff's phone from the National Do-Not-Call Registry on August 24, 2022, which is impossible as Arnold & Smith Law, PLLC and/or Dennis Smith did not encounter Mr. Callier until October of 2022. The Plaintiff's current complaint, then, contains information that is misleading and directly impacts his claims against the Defendants.

## CONCLUSION

The Scheduling Order was not filed June 4, 2023, because Plaintiff, before the deadline, informed Defendants of his intention to file an Amended Complaint to bring in a new Defendants that will completely change the scheduling deadlines and discovery dates set in this case.

Additionally, Defendants provided documentation to Plaintiff that showed that Defendants could not be liable for the actions of JumpStart and provided such documentation through their initial disclosures.

Finally, the Defendants reached out to  Mr. Callier before the scheduling order deadline to show that his claims of his "residential cellular telephone line" being listed on the National Do-Not-Call Registry, as specifically stated in the Complaint, are not accurate.

This Court should take note that it was the Defendants' counsel that drafted and filed the scheduling order that is currently on file in this case. It was the Defendants that reached out to the Plaintiff with a draft proposal and finalized the dates—even though they will now need to be amended—that are currently on file with this Court.

The Defendants ask the Court to note the good faith efforts to comply with the Court scheduling order deadline of June 4, 2023. The parties in the case have been communicating regularly and the scheduling order was indeed filed. However, for the foregoing reasons, the Defendants did not meet the deadline set by the Court.

Dated July 18, 2023,

Respectfully submitted,

*/s/ Robert R. Titus*

Robert R. Titus, SBN 24081470
**TITUS LAW FIRM, LLC**
7304 W. 130th Street, Suite 190
Overland Park, Kansas 66213
T (913) 599-9391
F (913) 599-9238
Email: rob@tituslawkc.com
***Attorney for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2023, a true and correct copy of the above and foregoing was transmitted via electronic mail and by US Mail, postage prepaid, to the following:

**BRANDON CALLIER**
6336 Franklin Trail
El Paso, Texas 79912
(915) 383.4604
callier74@gmail.com
***Plaintiff, Pro Se***

*/s/ Robert R. Titus*
Robert R. Titus