UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, § | |
| § | |
| Plaintiff, § | |
| § | EP-22-CV-00399-FM |
| v. § | |
| § | |
| ARNOLD & SMITH LAW, PLLC, and DENNIS § | |
| SMITH, § | |
| § | |
| Defendants. § | |

### ORDER DISMISSING THE CASE FOR FAILURE TO PROSECUTE

On July 25, 2023, the court held a show cause hearing revolving around the parties' failures to meet multiple deadlines. Notice for this hearing was given on June 23, 2023, in the last show cause order.[1] Yet the Plaintiff made the audacious choice to not attend. The Court Security Officer yelled his name three times in the hallway, but he was not there. The court checked with the court lobby, but he was not there. Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.[2]

2. It is **FURTHER ORDERED** that all pending motions are **DENIED** as moot.

3. The Clerk of the Court is **INSTRUCTED** to **CLOSE** the cause.

SIGNED AND ENTERED this 25 day of July 2023.



FRANK MONTALVO
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] See "Order to Show Cause and Setting Hearing" 2, ECF No. 37, entered June 23, 2023.

[2] *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (Deciding that Federal Rule of Civil Procedure 41(b) does not restrict a court's inherent authority to unilaterally dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").